### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CAROL A. JONES,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| vs. | )   **CASE NO.** CIV-15-1296-R |
|  | ) |
| **WAL-MART STORES EAST, LP,** | ) |
|  | ) |
| **Defendant.** | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is a civil action asserting causes of action for employment discrimination prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, ("ADEA"); and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

### II. PARTIES

2.  Plaintiff, Carol A. Jones, is an individual citizen and resident of the United States who resides in Wilburton, Oklahoma. Plaintiff was formerly employed by Defendant at its store in McAlester, Oklahoma.

3.  Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), is a foreign limited partnership which does business throughout the state of Oklahoma, including the Western District of Oklahoma.

### III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 626(c) and § 216(b), and 42 U.S.C. § 2000e-5(f)(3) and § 12117(a).

5. Venue is proper under 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f)(3) and § 12117(a), and 28 U.S.C. § 1391(b) and (c).

### IV. CONDITIONS PRECEDENT

6. On or about January 30, 2015, Plaintiff timely filed a letter charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 564-2015-00508, alleging, inter alia, that Defendant discriminated against her based upon her age and disability. Plaintiff exhausted her administrative remedies as to her age and disability claims. The EEOC issued Plaintiff a notice of right to sue dated August 24, 2015, and she is filing this lawsuit within ninety (90) days of her receipt of said notice.

### V. FACTUAL ALLEGATIONS

7. Defendant has more than 2,500 stores and over one million employees in the United States, and has total annual revenues of over 400 billion dollars. Defendant transports, stores, sells, and delivers products throughout the United States, including the state of Oklahoma.

8. Defendant is an employer engaged in interstate commerce or activities affecting interstate commerce, and has had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding

calendar year.

9. Defendant is a covered employer under the ADEA and the ADA based upon its number of employees and its engagement in interstate commerce at all time relevant to this litigation.

10. Plaintiff's year of birth is 1943, and she was 71 years of age at the time of the adverse actions taken against her.

11. Plaintiff is disabled, has a record of disability, and/or was perceived as being disabled by Defendant due to chronic obstructive pulmonary disease ("COPD") and emphysema. During her employment, Defendant's management personnel were aware of Plaintiff's disability. Plaintiff was continuously discriminated against and denied reasonable accommodation based upon her age and disability from approximately May 22, 2014, until her discharge on or about September 18, 2014.

12. Plaintiff was initially employed by Respondent, Wal-Mart, on or about January 22, 2008. During 2014, she was employed as a cashier/checker on the night shift, which required her to walk to different parts of the store to restock merchandise. This physical exertion was very difficult for her because of her shortness of breath and overall weakness due to COPD and emphysema.

13. Toward the end of May 2014, and thereafter, Plaintiff requested a reasonable accommodation that consisted of moving to the day shift, which would not require as much walking and physical exertion. She made these requests to two Assistant Managers, Debbie (l/n/u) and Tammy Mackie. Plaintiff was told that Defendant was looking

for someone to replace her on nights, but the shift change did not occur.

14. On September 3, 2014, Plaintiff had to go to the hospital emergency room because of her COPD, and she took the next day off from work due to her condition. After her emergency room visit on September 3, Plaintiff again discussed her medical problems and disability with two Assistant Managers, Tammy Mackie and Caleb (l/n/u). Plaintiff advised them that she was ill and had difficulty breathing, and that she was taking prednisone, antibiotics, and oxygen for her lung problem. Her assistant managers told her that they understood her situation and not to worry about it, and also that previous warnings involving attendance had expired and that the count of occurrences of missed work was starting over.

15. On September 17, Plaintiff was at work and left the store for her one-hour lunch break. She went to her car to take oxygen from an oxygen tank. Plaintiff was subsequently discharged, and the reason given was that she failed to return from her 15-minute break and thirty minutes later was found asleep in her car. Defendant stated that she was terminated for theft of company time and that she had received prior warnings about attendance.

16. The reasons given by Defendant for Plaintiff's discharge are pretextual. Plaintiff was not on a 15-minute break, but instead was on a one-hour lunch break and on her own time. She had been told to go to lunch and had clocked out for lunch. Defendant contested Plaintiff's unemployment claim, but the Hearing Officer ruled in Plaintiff's favor and noted that although her time records for the day in question had

been subpoenaed for the hearing, Defendant failed to provide them.

17. Plaintiff asserts that she was denied reasonable accommodation consisting of non-strenuous and non-physically demanding job duties consistent with her disability, schedule change, and being allowed to use her oxygen tank when necessary. She further asserts that the real reason(s) for her discharge was her age and/or disability.

18. Plaintiff was qualified for her job position and performed her assigned job duties in a satisfactory manner, as evidenced by the length of her employment and periodic increases in pay.

19. Defendant has policies stating it will not discriminate against employees because of age and/or disability. Nonetheless, Defendant knowingly and willfully denied Plaintiff the reasonable accommodations requested and discharged her because of her age and disability, and for false and pretextual reasons.

20. All adverse actions described herein, and taken by Defendant against Plaintiff, including without limitation, her discharge, were done intentionally, willfully, and maliciously, or in reckless disregard for the legal rights of Plaintiff.

21. At the time of Plaintiff's discharge, she worked 40 hours per week and was paid at the rate of $8.59 per hour. As a result of Defendant's wrongful actions, Plaintiff has suffered a loss of employment; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, stress, and loss of enjoyment of life.

## VI.  FIRST CAUSE OF ACTION: VIOLATION OF THE ADEA

22. Plaintiff incorporates hereunder by reference paragraphs 1-21, as set forth above.

23. Plaintiff was 71 years old and well over age 40 at the time she was subjected to the discriminatory treatment, including discharge, described in ¶¶ 11, 13, and 15-17, above.

24. Plaintiff was fully qualified to perform her assigned job duties and did so in a satisfactory manner.

25. Plaintiff's job duties were assigned to one or more significantly younger employees after her discharge and/or younger similarly situated employees were treated more favorably than Plaintiff in regard to terms and conditions of employment, including without limitation, granting of reasonable accommodation, discipline, and discharge from employment. Plaintiff was terminated by Cody Knight, a new Store Manager at the time, who is significantly younger than Plaintiff. The reasons he gave for Plaintiff's discharge were false and directly contrary to what she had been told by assistant store managers as to prior warnings for attendance. Furthermore, Plaintiff was not on a 15-minute break, but instead was on her one-hour unpaid lunch hour.

26. A determining factor in all of Defendant's adverse actions toward Plaintiff, including her discharge, was her age, in violation of the ADEA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 21,

above.

27. Defendant's violations of the ADEA were willful.

28. Plaintiff is entitled to all remedies and relief afforded by the ADEA, including, without limitation, liquidated damages.

## VII. SECOND CAUSE OF ACTION: VIOLATION OF THE ADA

29. Plaintiff incorporates hereunder by reference paragraphs 1-28, as set forth above.

30. Plaintiff is protected under the ADA from employment discrimination based upon her disability. Defendant discriminated against Plaintiff because of her disability by taking the adverse actions against her described above in ¶¶ 11, 13, and 15-17, including, without limitation, terminating her from employment because of her disability, record of disability, or Defendant's perception that she is disabled, in violation of the ADA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 21, above.

31. Defendant's actions in violating the ADA were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

32. Plaintiff is entitled to all remedies and relief provided for a violation of the ADA, including, without limitation, compensatory and punitive damages.

## VIII. JURY TRIAL REQUESTED

33. Plaintiff is entitled to a jury trial under the ADEA and the ADA, and she

hereby requests a jury trial.

## IX. **PRAYER FOR RELIEF**

34. Plaintiff prays for judgment as follows:

   A.   Payment of back wages, benefits, and compensation;

   B.   Reinstatement to her former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

   C.   All other compensatory damages, including, but not limited to, those for humiliation, loss of dignity, stress, and loss of enjoyment of life;

   D.   Liquidated damages;

   E.   Punitive or exemplary damages;

   F.   Declaratory and injunctive relief as appropriate;

   G.   Pre-judgment and post-judgment interest; and,

   H.   Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

>  s/Raymond C. Durbin
>  OBA No. 2554
>  P. O. Box 20546
>  Oklahoma City, Oklahoma 73156-0546
>  Phone:   (405) 476-3552
>  Email:   rdurbin3@cox.net
>
>  ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**

8